**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| In re:  THOMAS W. MULLIGAN, JR. | Case No. 15-31092-KLP |
| xxx-xx-3945 | Chapter 13 |
| Debtor. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement (the "Division"), by counsel, and hereby objects to the confirmation of the chapter 13 plan (the "Plan") filed by the debtor Thomas W. Mulligan, Jr. (the "Debtor") in the above-captioned case and in support thereof respectfully states as follows:

1) The debtor Thomas W. Mulligan, Jr. (the "Debtor") has two open domestic support cases with the Division.

2) On April 15, 2015, the Division filed a claim in the amount of $5,717.47 for a § 507(a)(1)(B) priority, domestic support obligation owed to the Commonwealth of Virginia ("Claim No. 10").

3) On April 15, 2015, the Division filed a claim in the amount of $84,169.30 comprised of the following ("Claim No. 11"):

   a) $84,049.30 for a § 507(a)(1)(A) priority, domestic support obligation owed to the custodial parent Trudy Sheldon-Tomes; and

   b) $120.00 for a § 507(a)(1)(B) priority, domestic support obligation owed to the Commonwealth of Virginia.

4) Paragraph 11 of the Debtor's plan provides for "less than full payment of the § 507(a)(1)(B) priority claims of the Virginia Division of Child Support Enforcement" pursuant

Elizabeth L. Gunn, VSB No. 71044
Assistant Attorney General II
Dept. of Social Services, Division of Child Support Enforcement
2001 Maywill Street, Suite 200
Richmond, VA 23230
804-367-8270
elizabeth.gunn@dss.virginia.gov

to § 1322(a)(4).  As set forth, *supra*, only $5,837.47 of the total claims filed by the Division are priority pursuant to § 507(a)(1)(B), the remaining $84,049.30 is priority pursuant to § 507(a)(1)(A) and not subject to the terms of § 1322(a)(4).

     5)     The Debtor's proposed Plan is a 55 month plan, not a five year (50 month) plan as required by § 1322(a)(4).

     6)     The Plan provides for insufficient funding to pay the § 507(a)(1)(A) claim in full as required by § 1322(a)(2).

     7)     Claim Nos. 11 and 12 clearly specify the specific priority treatment for the amounts in the claims.  The Debtor's Plan cannot be confirmed because it does not provide for full payment of § 507(a)(1)(A) claims pursuant to § 1322(a)(2) and does not provide specificity as to the treatment of § 507(a)(1)(B) claims under § 1322(a)(4).  See In re Sosa, 2010 Bankr. LEXIS 204 (Bankr. E.D. Va. 2010)(Case No. 09-13389-SSM).

WHEREFORE, for the reasons stated herein, the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement, respectfully requests that the Court deny confirmation of the Debtor's chapter 13 plan.

Dated: May 19, 2015                    COMMONWEALTH OF VIRGINIA,
                                                DEPARTMENT OF SOCIAL SERVICES,
                                                DIVISION OF CHILD SUPPORT ENFORCEMENT

                                                /s/ Elizabeth L. Gunn
                                                Elizabeth L. Gunn, VSB No. 71044
                                                Assistant Attorney General II
                                                Dept. of Social Services
                                                Division of Child Support Enforcement
                                                2001 Maywill Street, Suite 200
                                                Richmond, VA 23230
                                                804-367-8270
                                                elizabeth.gunn@dss.virginia.gov

## Certificate of Service

      I hereby certify that on the 19th day of May, 2015, I electronically filed the foregoing Objection to Confirmation of Chapter 13 Plan with the Clerk of Court using the CM/ECF system, which provides electronic notice of such filing to all parties that receive notice in this matter including the following:

        Sean D. Contreras, Esq.
        America Law Group
        *Counsel for the Debtor*

        Carl M. Bates, Esq.
        *Chapter 13 Trustee*

and mailed a copy of the foregoing by first class mail, postage prepaid, to the following non-CM/ECF participant:

        Thomas W. Mulligan, Jr.
        204 Hill Drive
        Manquin, VA 23106

                            /s/ Elizabeth L. Gunn
                            Assistant Attorney General